OPINION. Murdock, Judge: The husband has been held taxable on all of the income in a number of cases in which it appeared that, after he had conveyed a part of his interest in the business to his wife, he continued to operate the business himself, while the wife contributed no important services. The leading cases are Commissioner v. Tower, 327 U. S. 280, and Lusthaus v. Commissioner, 327 U. S. 293. Here, as in those cases, the partnership began by the husband transferring a part of his interest in the business to his wife, following which she contributed no important services to the business. But, the present case differs somewhat from those cases and the differences in the facts favor the petitioner. There is evidence of a business purpose in that the wife’s recognition as a partner was desirable so that she could act in any emergency while her husband was incapacitated. Also, some consideration passed from the wife to the husband for the transfer of a one-half interest in the business. But perhaps the principal difference is that the petitioner in this case was not active in the business during the taxable years, due to incapacity. This difference, as the petitioner argues, is not without significance, since the decisions in the Tower and Lusthaus cases were based to a considerable extent upon the fact that the husband really earned the income through the services which he performed during the taxable year. See, however, Camiel Thorrez, 5 T. C. 60; affd., 155 Fed. (2d) 791, in which two of the partners were described as inactive, and Robert E. Werner, 7 T. C. 39, in which the petitioner gave his wife a business somewhat separate from his own. The Supreme Court said in the Tower case that “a partnership is generally said to be created when persons join together their money, goods, labor, or skill for the purpose of carrying on a trade, profession, or business and when there is community of interest in the profits and losses.” It also said that the partners must really and truly join together for the purpose of carrying on a business if they are to be recognized as partners for income tax purposes. Amy and the petitioner contributed no labor or skill to this business during the taxable years. There was no change in the assets used in the business and no change in the management or operation of the business as a result of the execution of the instruments dated February 2,1942. Apparently, the business went on under its own momentum, with the three key employees taking over the managerial duties. Yet, it must also be recognized that the petitioner, rather than Amy, was responsible for the income of the taxable years in view of his long connection with the business, during which time he helped to develop it and employed the persons who ran it for him. This case can not be distinguished satisfactorily from the cases cited above so as to reach a different result. The petitioner and Amy were not partners during the taxable years for tax purposes. Decision will be entered for the respondent.